# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

UNITED STATES OF AMERICA, *ex rel.*, )
GREGORY M. GOODMAN, )
                                 )
             Plaintiff, )      Civil Case No.: 3:13-cv-00760
                                 )      Judge Aleta A. Trauger
v. )
                                 )
ARRIVA MEDICAL, LLC, et al., )
                                 )
            Defendants. )

## THE UNITED STATES' RESPONSES AND OBJECTIONS TO THE FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF UNITED STATES OF AMERICA BY DEFENDANTS ARRIVA MEDICAL, LLC AND ALERE, INC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the United States of America (the "United States") through its undersigned counsel serves its responses and objections to the first set of requests for production by Defendants Arriva Medical, LLC and Alere, Inc. (together, "Arriva"). The United States' responses and objections are based upon the information presently available to the United States following a reasonable investigation to date. The United States expressly reserves the right to modify, supplement, or amend its responses and objections, including to reflect information that discovery or further investigation may disclose, and to do so subject to any applicable objection, privilege, or other protection from disclosure.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTION

The United States objects to the definitions of you, your, government, CMS, HHS, HHS-OIG, and DOJ to the extent they purport to require the United States to gather and review information in the possession or custody of any agency, office, employee, agent, representative, officer, or contractor of either the Legislative Branch (including the General Accounting Office,

which is not a party to this case) or the Judicial Branch, or of Executive Branch components beyond the Department of Health and Human Services (HHS), its Office of Inspector General (OIG) and Centers for Medicare and Medicaid Services (CMS), and the Civil Division, Commercial Litigation Branch (Fraud Section) of United States Department of Justice and the Civil Division of the Office of the United State's Attorney for the Middle District of Tennessee (together, DOJ) on the grounds that they are unduly burdensome and overbroad and seek information not relevant to the claims or defenses in this action and disproportionate to the needs of this case.

The United States objects to the Definition of CMS to the extent that the definition includes any person or entity other than CMS.

The United States objects to Instructions 1 and 4. The United States responds to these requests solely on behalf of HHS, HHS-OIG and CMS and DOJ. Where appropriate, the United States will provide its responses based on information and documents obtained from non-parties and current Medicare contractors CGS, Noridian, NGS, and Palmetto, former Medicare contractor NHIC, or other current Medicare contractors, to the extent that those entities have relevant information that they acquired in the context of their roles as Medicare contractors and provide those documents and information to the United States. The United States may also obtain documents and information from non-party the Tennessee Bureau of Investigations, Medicaid Fraud Control Unit (TBI).

The United States objects to instruction 3 to the extent that it seeks the production of documents outside the relevant time period for the allegations in the Complaint. Unless otherwise indicated, the United States will only search for documents created during the period between January 2009 and December 2017.

The United States objects to instructions 9, 10, and 11 as unduly burdensome.

The United States objects to each and every one of the requests to the extent that they seek discovery regarding whether violations of the Anti-kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b), are material to the United States' payment decisions because discovery on that topic is not relevant to any claim or defense nor is it proportional to the needs of the case. As a number of courts have held, applying the Supreme Court's decision in *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989 (2016)*,* violations of the AKS are "*per se* material" to the United States' payment decisions "in all cases" because "Congress has decreed these claims to be 'fraudulent,'" and, thus, "there is no need for an independent assessment of materiality." *United States v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 6015574, at *2 (D.S.C. Dec. 4, 2017) ("AKS violations are *per se* material."); *id.* ("AKS compliance is material to payment decisions in all cases"); *United States v. Teva Pharm. USA, Inc.*, No. 13 CIV. 3702 (CM), 2019 WL 1245656, at *28 (S.D.N.Y. Feb. 27, 2019) ("[F]or claims submitted after [March 10, 2010], and where liability comes from 'knowingly ... caus[ing] to be presented, a false or fraudulent claim for payment or approval,' 31 U.S.C. § 3729(a)(1)(A), there is no need for an independent assessment of materiality. Congress has decreed these claims to be 'fraudulent,' and as the Court observed in *Escobar*, a fraudulent claim is necessarily material because only material misrepresentations (or omissions) qualify as 'fraudulent' under the common law."). Accordingly, discovery on this issue is not relevant nor is it proportional to the needs of the case. *See United States v. Rankin*, No. 2L15-CR-168, 2016 WL 8229781, at *3 (S.D. Ohio Jan. 4, 2016) (denying discovery where "[n]o additional discovery would lead to facts that could change the legal analysis").

## REQUESTS FOR PRODUCTION

1.      All Documents and Communications Regarding the provision of DTS at free or at reduced prices.

### UNITED STATES' RESPONSE:

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case.  The request does not indicate by who or to whom the provision of DTS at free or at reduced prices was made.  To the extent that the request seeks documents regarding any supplier other than Arriva, that information is neither relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce non-privileged documents regarding the provision of free or no cost glucometers by Arriva to Medicare beneficiaries that can be located based on a reasonable search of the files of the DME MACs[1] and are reasonably accessible.  The United States otherwise declines to produce documents in response

---

[1] The DME MACs include Noridian, CGS, and NGS.  NHIC, a non-party, is a former Medicare contractor, which is not currently represented in this matter by DOJ.

4

to this request.

2.      All Documents and Communications Regarding waiving Medicare beneficiary copayments for DTS.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case.  The request does not indicate who waived Medicare beneficiary copayments for DTS.  To the extent that the request seeks documents regarding any supplier other than Arriva, that information is neither relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce non-privileged documents regarding the waiver of Medicare beneficiary copayments by Arriva that can be located based on a reasonable search of the files of the DME MACs and are reasonably accessible.  The United States otherwise declines to produce documents in response to this request.

5

3.    All Documents and Communications Regarding the provision of DTS to deceased Medicare beneficiaries.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case. The request does not indicate who provided DTS to deceased beneficiaries. To the extent that the request seeks documents regarding any supplier other than Arriva, that information is neither relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce non-privileged documents regarding the billing of Medicare by Arriva for items purportedly provided to deceased beneficiaries that can be located based on a reasonable search of the files of the DME MACs and are reasonably accessible. Additionally, the United States incorporates its response to Request 35. The United States otherwise declines to produce documents in response to this request.

4.    All Documents and Communications Related to any audit You conducted of Arriva.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Audits of Arriva that do not relate to the payment of kickbacks by Arriva in the form of copayment waivers or free items, violations of the Five Year Rule, or the billing to Medicare for items purportedly provided to beneficiaries who were deceased on the dates-of-service are not relevant to this action, and, to the extent that they are relevant, a broad search for such audits and corresponding documents would be unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce non-privileged documents regarding any audit of Arriva that relates to allegations that Arriva (1) paid kickbacks to Medicare beneficiaries (i) in the form of the waiver of Medicare beneficiaries' copayment obligations or (ii) the provision of free items to Medicare beneficiaries, (2) violated the Five Year Rules, or (3) submitted claims to Medicare for items purportedly provided to beneficiaries who were deceased on the dates-of-service that can be identified upon a reasonable search of the files of the DME MACs and are reasonably accessible. The United States otherwise declines to produce documents in response to this request.

5.  All Documents and Communications Related to any audit you conducted of a DTS

Supplier Related to (i) the provision of DTS for free or at reduced prices, (ii) copayment waivers, or (iii) seeking reimbursement for DTS that violates the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Request 4. Additionally, the United States will produce non-privileged documents regarding any audit of Arriva that relates to allegations that Arriva sought reimbursement for DTS that violates the Five Year Rule that can be identified upon a reasonable search of the files of the DME MACs and are reasonably accessible. The United States otherwise declines to produce documents in response to this request.

6. All Documents and Communications Related to the meaning of "remuneration"

under the AKS.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. As a number of courts have held, remuneration under the AKS includes the provision of free items to Medicare beneficiaries and the routine waiver of copayment obligations. *See, e.g., United States v. Turner,* 561 F. App'x 312, 316–17 (5th Cir. 2014); *Flanagan v. Bahal, No. 12-2216 (NLH/JS)*, 2015 WL 9450826, at \*9 (D.N.J. Dec. 22, 2015); *U.S. ex rel. Sharp v. E. Oklahoma Orthopedic Ctr.*, No. 05-CV-572-TCK-TLW, 2009 WL 499375, at \*23 (N.D. Okla. Feb. 27, 2009). Accordingly, the request does not seek discovery that is relevant to any party's claim or defense. United States further objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. Documents and communications regarding the "meaning" of a legal term like "remuneration" will typically involve legal advice provided by agency counsel or other government attorneys, which is privileged or attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce publically available guidance from HHS-OIG regarding whether the term remuneration under the AKS includes the waiver of beneficiary copayment obligations or the provision of free or no cost items. The United States has already produced documents responsive to this request. *See* US00007762 - US00008205.

9

7.      All Documents and Communications Related to the Special Fraud Alert, including but not limited to the purpose, intent, rationale, application, and interpretation of the Special Fraud Alert and Your authority to enforce obligations created through the Special Fraud Alert.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  Documents regarding the purpose, intent, rationale, application, and interpretation of the Special Fraud Alert are not relevant, only the existence of the Special Fraud Alert, its contents, and defendants' knowledge of those things is relevant.  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  Documents and communications regarding the adoption and rationale for a Special Fraud Alert constitute deliberative process and typically involve legal analysis from and communications with agency or other government attorneys, and are thus privileged.  The United States objects to this request to the extent that it seeks the production of documents that are publically available.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that it has already produced a copy of the Special Fraud Alert.  *See* US00008176 - US00008205.  United States also states that given that the Special Fraud Alert was issued in 1994, under HHS's records retention policies, documents regarding the Special Fraud Alert were likely destroyed in the normal course

10

in or around 2004. The United States otherwise declines to produce documents in response to this request.

8. All Documents and Communications Related to 79 FR 59717, Department of Health and Human Services, Medicare and State Health Care Programs: Fraud and Abuse; Revisions to Safe Harbors Under the Anti-Kickback Statute, and Civil Monetary Penalty Rules Regarding Beneficiary Inducements and Gainsharing, publid October 3, 2014, including but not limited to the purpose, intent, rationale, application, and interpretation of the proposed regulations discussed therein.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. Documents regarding the purpose, intent, rationale, application, and interpretation of the 79 FR 59717 are not relevant. Only the existence of the 79 FR 59717, its contents (as they relate to the unlawfulness of routine copayment waivers), and defendants' knowledge of those things is relevant. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. Documents and communications regarding the adoption and rationale for a regulatory rule constitute deliberative process and typically involve legal analysis from and communications with agency or other government attorneys, and are thus privileged. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States

11

objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that it has already produced a copy of 79 FR 59717. *See* US00008176 - US00008205. The United States otherwise declines to produce documents in response to this request.

9. All Documents and Communications Related to the Special Advisory Bulletin, including but not limited to the purpose, intent, rationale, application, and interpretation of the Special Advisory Bulletin and Your authority to enforce obligations created through the Special Advisory Bulletin.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. Documents regarding the purpose, intent, rationale, application, and interpretation of the Special Advisory Bulletin are not relevant. Only the existence of the Special Advisory Bulletin, its contents, and defendants' knowledge of those things is relevant. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. Documents and communications regarding the adoption and rationale for a Special Advisory Bulletin constitute deliberative process and typically involve legal analysis from and communications with agency or other government attorneys, and are thus privileged. The United States objects to this request to the extent that it seeks the

production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that it will produce a copy of the Special Advisory Bulletin. The United States also states that given that the Special Advisory Bulletin was issued in 2002, under HHS's records retention policies, documents regarding the Special Fraud Alert were likely destroyed in the normal course in or around 2012. The United States otherwise declines to produce documents in response to this request.

10.     All Documents and Communications Regarding the Five Year Rule, including but not limited to the purpose, intent, rationale, application, and interpretation of the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery regarding a legal question that will be decided by the Court, and thus does not seek fact discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. Documents and communications regarding the adoption and rationale for a regulatory rule constitute deliberative process and typically involve legal analysis from and communications with agency attorneys, and are thus privileged. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

13

Subject to the foregoing objections, the United States responds that the legal authorities that encompass the Five Year Rule are 42 U.S.C. § 1395m(a)(7)(C)(iii); 42 C.F.R. § 414.210(f)(1), which are publically available. The United States otherwise declines to produce documents in response to this request.

11. All Documents and Communications Regarding the CMS Eligibility Database, including but not limited to any discussions about the Database's functionality and shortcomings.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States' claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries are based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Eligibility Database or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported to the date-of-service. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The CMS Eligibility Database is broadly used by CMS, Medicare contractors, and suppliers. Thus, it would be unduly burdensome and not proportional to the needs of the case to for United States to collect and produce every document regarding the CMS Eligibility Database. Moreover, the request is vague to the extent that it does not explain or identify the functionality or shortcomings of CMS Eligibility Database. The United States objects to this request to the extent

14

that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that basic information regarding the CMS Eligibility Database and its functionality is publically available and can be found here:

https://www.cms.gov/Medicare/Billing/ElectronicBillingEDITrans/Eligibility.html;

https://www.cms.gov/Research-Statistics-Data-and-Systems/CMS-Information-Technology/HETSHelp/.

The United States otherwise declines to produce documents in response to this request.


12.     All Documents and Communications Related to DTS Supplier access to the CMS Eligibility Database, including but not limited to any limitations on the ability of DTS Suppliers to access a database and the reasons for those limitations.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the

15

beneficiary was deceased.  *See* Amended Complaint-in-Intervention ¶¶381-383.  Thus, Arriva's access to the CMS Eligibility Database or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service.  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce a chart that identifies each supplier that was denied access to the CMS Eligibility Database and the date on which such access was suspended.  In each case, access was restricted to the supplier because of either high volume of attempts to access the CMS Eligibility Database or repeated attempts to access the database to determine the eligibility of particular Medicare beneficiaries that interfered with the operation of the database.  The United States otherwise declines to produce documents in response to this request.

13.     All Documents and Communications Related to Arriva's access to the CMS

16

Eligibility Database, including but not limited to any limitations on Arriva's ability to access the database and the reasons for those limitations.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Eligibility Database or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce the case files for each instance where Arriva's access to the CMS Eligibility Database was restricted, which will include pertinent external and internal communications regarding the issue (which are typically placed in the case files), as well as internal progress notes. The United States otherwise declines to produce documents in response to this request.

17

14.     All Documents and Communications Related to any corrective action plan Arriva or CMS proposed Regarding Arriva's use of the CMS Eligibility Database.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Eligibility Database or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Request 13. The United States otherwise declines to produce documents in response to this request.

15.     All Documents and Communications Related to any corrective action plan DTS

Suppliers or CMS proposed Regarding those DTS Suppliers' use of the CMS Eligibility Database.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Eligibility Database or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

16.     All Documents and Communications Regarding the CMS Common Working File, including but not limited to any discussions about the CWF's functionality and shortcomings.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased.  *See* Amended Complaint-in-Intervention ¶¶381-383.  Thus, Arriva's access to the CMS Common Working File or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service.  The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case.  The CMS Common Working File is broadly used by CMS, Medicare contractors, and suppliers.  Thus it would be unduly burdensome and not proportional to the needs of the case to for United States to collect and produce every document regarding the CMS Common Working File.  Moreover, the request does not explain or identify the functionality or shortcomings of the CMS Common Working File.   The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are publically

20

available.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that basic information regarding the CMS Common Working File and its functionality is publically available and can be found here:

https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Downloads/clm104c27.pdf;

https://med.noridianmedicare.com/web/jddme/claims-appeals/claim-submission/cwf.

The United States otherwise declines to produce documents in response to this request.

17.    All Documents and Communications Regarding DTS Supplier access to the CWF, including but not limited to any discussions about limitations to DTS Suppliers' CWF access.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased.  *See* Amended Complaint-in-Intervention ¶¶381-383.  Thus, Arriva's access to the CMS Common Working File or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service.  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.

Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

18. All Documents and Communications Regarding reports of technical or other problems with the CMS Eligibility Database or CWF submitted to the MCARE Help Desk by a DTS Supplier between 2011 and 2016.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Eligibility Database, the CMS Common Working File or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that

22

database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case. The request does not identify what technical or other problems with the CMS Eligibility Database for which it seeks reports. It would be unduly burdensome to produce all documents regarding every complaint submitted to the MCARE Help Desk over a five year period, particularly given that the help desk services all Medicare suppliers who use the CMS Eligibility Database. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its responses to Requests 12 and 13. The United States otherwise declines to produce documents in response to this request.


19.    All Documents and Communications Regarding the CMS Integrated Data Repository, including but not limited to any discussions about the functionality and shortcomings of the CMS Integrated Data Repository.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within

23

fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Integrated Data Repository or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case. The CMS Integrated Data Repository is broadly used by CMS, Medicare contractors, and suppliers. Thus it would be unduly burdensome and not proportional to the needs of the case to for United States to collect and produce every document regarding the CMS Integrated Data Repository. Moreover, the request does not explain or identify the functionality or shortcomings of CMS Integrated Data Repository. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that basic information regarding the CMS Integrated Data Repository its functionality is publically available and can be found here:

https://www.cms.gov/Research-Statistics-Data-and-Systems/Computer-Data-and-Systems/IDR/index.html;

https://www.cms.gov/Research-Statistics-Data-and-Systems/Computer-Data-and-

Systems/IDR/IDR-Training.html.

The United States otherwise declines to produce documents in response to this request.

20.     All Documents and Communications Regarding DTS Supplier access to the CMS Integrated Data Repository, including but not limited to any discussions about restrictions to any DTS Supplier's access to the CMS Integrated Data Repository.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.   The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased.  *See* Amended Complaint-in-Intervention ¶¶381-383.  Thus, Arriva's access to the CMS Integrated Data Repository or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service.  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  To the extent that the request seeks documents regarding any supplier other than Arriva, that information is neither relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained

25

in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

21. All Documents and Communications Related to Arriva's access to the CMS Integrated Data Repository, including but not limited to any restrictions on Arriva's ability to access the CMS Integrated Data Repository and the reasons for those limitations.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Integrated Data Repository or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case. The request provides no information regarding any instance in which Arriva had its access to the CMS Integrated Data Repository restricted. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative

26

process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

22.     All Documents and Communications Related to the accuracy or completeness of the information contained within the CMS Eligibility Database, the CMS Common Working File, and the CMS Integrated Data Repository.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States claims regarding the submission of false claims based on the purported provision of items for deceased beneficiaries is based on Arriva's knowing failure to confirm that the beneficiaries were alive and in need of additional supplies within fourteen days of the purported dates of services or where Arriva otherwise knew for a fact that the beneficiary was deceased. *See* Amended Complaint-in-Intervention ¶¶381-383. Thus, Arriva's access to the CMS Integrated Data Repository or any other Medicare eligibility database is only relevant to the extent that Arriva reviewed information from that database which confirmed that the beneficiary was deceased prior to the purported date-of-service. The United States objects to this request because it is vague, ambiguous, overly broad, confusing, unduly burdensome, and not proportional to the needs of the case. The terms "accuracy and completeness" are vague and confusing. And, the request does not identify what information from the system may not have been accurate or complete. The United States objects to this request to the extent that it seeks the

27

production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

23. All Communications between You and any DTS Supplier Related to the AKS, copayments, free DTS, discounted DTS, or the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce communications between the DME MACs and Arriva regarding the requirements of AKS, the waiver of beneficiary copayments, the reasonable collection of beneficiary copayments, or the requirements of the Five Year Rule. The United States otherwise declines to produce documents in response to this request.

28

24. All Documents and Communications Related to in-person meetings or teleconferences You have had with Arriva or its counsel about free or discounted DTS, copayment waivers, the Five Year Rule, or any of the allegations in the Complaint.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it is vague and ambiguous because it does not identify with whom Arriva or its counsel had meetings or when those meetings occurred. To the extent that the request seeks discovery regarding meetings that counsel for Arriva had with government lawyers, documents and communications regarding those meetings are subject to the attorney-client privilege or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. Moreover, to the extent that those meetings constituted pre-intervention settlement discussions between the United States and Arriva, that information is also subject to Federal Rule of Evidence 408. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


25. All Documents and Communications Related to in-person meetings or teleconferences You have had with any DTS Supplier or its counsel about free or discounted DTS, copayment waivers, the Five Year Rule, or any of the allegations in the Complaint.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is vague and ambiguous because it does not identify any specific DTS Supplier or counsel with whom meetings

were had or when those meetings occurred.  The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  To the extent that the request seeks discovery regarding meetings that parties had with government lawyers, documents and communications regarding those documents are subject to the attorney-client privilege or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


26.     All Documents and Communications Related to claims for DTS that CMS denied because the DTS Supplier waived or did not collect a copayment.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.   The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents

30

related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Request 2.


27.     All Documents and Communications Related to any effort You made to recover CMS reimbursements because a DTS Supplier waived or did not collect a copayment.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.   The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are publically available.  The United States objects to this request to the extent that it seeks the

31

production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that examples of efforts by United States to recover amounts federal payors, including Medicare, paid out for claims that were tainted by kickbacks, including kickbacks paid through the waiver or non-collection of copayment obligations or the provision of free items, can be found in paragraphs 299 through 301 of the Amended Complaint-in-Intervention. The press releases announcing the actions taken by the United States in those matters are publically available and can be found here: https://www.justice.gov/news. The United States otherwise declines to produce documents in response to this request.

28.     All Documents and Communications Related to claims for DTS that CMS denied because the DTS were provided by a DTS Supplier free of charge or at a discounted price.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The

United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

29.  All Documents and Communications Related to any effort You made to recover CMS reimbursements because a DTS Supplier provided DTS free of charge or at a discounted price.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.   The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Request 27. The United States otherwise declines to produce documents in response to this request.

30.     All Documents and Communications Related to claims for glucometers that CMS denied because the beneficiary had previously submitted a claim for a glucometer within the previous five years.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.   The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.   To the extent that the request seeks documents regarding any supplier other than Arriva, that information is neither relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.   The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.   The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659, which includes information regarding the denial of claims submitted by Arriva to Medicare based on violations of the Five Year Rule.   The United States otherwise declines to produce documents in response to this request.

31.     All Documents and Communications Related to Medicare reimbursement denial

rates or denial codes or reasons for denying claims submitted by Arriva or other DTS Suppliers.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva. Documents and information regarding these other suppliers are not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659, which includes information regarding the reasons for the denial of those claims. Additionally, information regarding the reasons for specific denial codes for DME are publically available, including here:

https://med.noridianmedicare.com/web/jddme/topics/ra/denial-resolution

https://www.cgsmedicare.com/jc/claims/pdf/jc_ansi_denial_guide.pdf

The United States otherwise declines to produce documents in response to this request.

32.     All Documents and Communications Related to refunds issued to Medicare by Arriva or any other DTS Supplier for (i) DTS offered at free or reduced prices, (ii) DTS for which the DTS Supplier waived a copay, or (iii) DTS that violated the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  United States is not seeking damages for claims for which Arriva provided Medicare a refund.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.   The request seeks documents regarding dozens (if not hundreds) of suppliers other than Arriva.  Documents and information regarding these other suppliers are not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


33.     All Documents and Communications Related to Medicare claims submitted by or on behalf of Defendants for which You denied or authorized payment for a glucometer.

**UNITED STATES' RESPONSE:**

36

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. It would be unduly burdensome to locate all documents and communications regarding the millions of claims that Arriva submitted to Medicare. Moreover, those communications, in most cases, would be of limited relevance to this case, and thus not proportional to the needs of this case because the United States will rely on a sample of claims to establish Defendants' liability. *See, United States v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015). The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659, which includes information regarding the approval and denial of claims submitted by Arriva to Medicare for glucometers. The United States otherwise declines to produce documents in response to this request.

34.     All Documents and Communications Related to Medicare claims submitted by or on behalf of Defendants that You contend are false within the meaning of 31 U.S.C. § 3729.

**<u>UNITED STATES' RESPONSE</u>:**

United States object to this request to the extent that it seeks premature disclosure of

information governed by Rule 26(a)(2) and to the extent that it seeks disclosure of information protected by Rule 26(b)(4). United States also cannot identify all of the false claims or all of the information requested in this interrogatory until discovery has progressed substantially and in conjunction with the Court's deadlines for expert disclosure in accordance with Rule 26(a)(2)(D). United States further objects to this request on the grounds that it prematurely seeks the equivalent of an exhibit list before the deadline set by the Federal Rules for the parties to disclose their exhibit lists. *See* Fed. R. Civ. P. 26(a)(3). The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. It would be unduly burdensome to locate all documents and communications regarding the millions of claims that Arriva submitted to Medicare. Moreover, those communications, in most cases, would be of limited relevance to this case, and thus not proportional to the needs of this case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659. United States incorporates its response to Request 56. The United States otherwise declines to produce documents in response to this request.

35. All Documents and Communications Related to the November 2016 revocation of Arriva's Medicare billing number, including but not limited to Communications involving CMS

Acting Administrator Andy Slavitt.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. Only the fact of CMS' decision to revoke Arriva's Medicare billing number because of its finding that Arriva submitted claims to Medicare for items purportedly provided to deceased persons is relevant. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible. The United States objects to this request to the extent that it seeks the production of documents from the files of Andy Slavitt, who was not involved in the decision to revoke Arriva's billing number.

Subject to the following objections, the United States responds that it has already produced CMS's filings (including attached exhibits) in opposition to Arriva's administrative appeal of CMS's revocation of Arriva's billing number. *See* US00007027 - US00007761. These documents (which, include a copy of the October 2016 letter notifying Arriva of CMS's decision to revoke Arriva's billing number) contain detailed explanations from CMS for the reasons and bases for CMS' revocation of Arriva's billing number. Additionally, it includes the documents on which CMS has stated it relied to conclude that Arriva had submitted claims to Medicare for items that were purportedly provided to Medicare beneficiaries who were deceased on the purported dates-of-service. The United States otherwise declines to produce documents in response to this request.

39

36.     All Documents and Communications Related to Arriva's administrative appeal of the revocation of its Medicare billing number, including but not limited to all Documents and Communications Related to the timing of the adjudication of Arriva's appeal.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.    The appeals process of CMS' decision to revoke Arriva's Medicare billing number is not relevant.  Only the fact of CMS' decision to revoke Arriva's Medicare billing number because of its finding that Arriva submitted claims to Medicare for items purportedly provided to deceased persons is relevant.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States will produce a copy of the decision from the administrative appeal board affirming the revocation of Arriva's billing number.  The United States otherwise declines to produce documents in response to this request.

37.     All Documents and Communications Regarding Arriva's request for reconsideration and administrative-law-judge hearing Related to the revocation of its Medicare billing number, including but not limited to all Documents and Communications You reviewed, considered, or created in evaluating reconsideration or the administrative-law-judge hearing.

40

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The appeals process of CMS' decision to revoke Arriva's Medicare billing number is not relevant. Only the fact of CMS' decision to revoke Arriva's Medicare billing number because of its finding that Arriva submitted claims to Medicare for items purportedly provided to deceased persons is relevant. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States responds that it has produced the filings from CMS and Arriva before the Administrative Law Judge (ALJ). *See* US00005719 through US00007026. Additionally, the United States will produce a copy of the ALJ's decision. The United States otherwise declines to produce documents in response to this request.

38. All Documents or Communications Regarding *Arriva Medical LLC v. U.S. Department of Health and Human Services*, Case Number 16-2521, in the United States District Court for the District of Columbia.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The appeals process of CMS' decision to revoke Arriva's

Medicare billing number, including Arriva's unsuccessful attempt to obtain an injunction undoing that revocation, is not relevant. Only the fact of CMS' decision to revoke Arriva's Medicare billing number because of its finding that Arriva submitted claims to Medicare for items purportedly provided to deceased persons is relevant. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

39. Documents sufficient to identify (i) all Medicare providers or suppliers who submitted claims on behalf of deceased Medicare beneficiaries between 2006 and 2017, (ii) the number of such claims each provider or supplier submitted, (iii) any disciplinary or corrective action CMS took in response, and (iv) CMS's reasons for taking any disciplinary or corrective action.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. CMS's decisions regarding corrective action regarding other suppliers is of no relevance to this matter, including because CMS in fact revoked Arriva's billing number in response to Arriva billing for items purportedly provided to deceased beneficiaries. The

42

United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The request seeks information from unidentified number of suppliers, none of whom (other than Arriva) are involved in this matter. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States responds that Arriva submitted claims on behalf of deceased beneficiaries during the period between 2009 and 2016, and in response, CMS revoked Arriva's billing number in November 2016. United States otherwise declines to produce documents in response to this request.

40.    All Documents and Communications Related to the submission of claims to CMS for deceased beneficiaries between 2006 and 2017.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The request seeks information from unidentified number of suppliers over an 11 year period (including a period that pre-dates Arriva's founding in 2009), none of whom (other than Arriva) are involved in this matter. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or

deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, United States incorporates its response to Requests 3 and 34. The United States otherwise declines to produce documents in response to this request.

41. All Documents and Communications Related to Alere's acquisition of Arriva.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request. Additionally, the United States has already produced transcripts of the CID Testimony that was taken during the government's pre-intervention investigation, which also addresses this issue. *See* US00000001 - US00001585. The United States otherwise declines to produce documents in response to this request.

42. All Documents and Communications Related to Abbott Laboratories' acquisition

of Alere that discuss Arriva or DTS.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

43. All Documents and Communications Related to any investigation You conducted into alleged False Claims Act or AKS violations committed by AmMed Direct LLC.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in

response to this request.

44.     All Communications between You and Relator; Jerry Martin; Barrett Johnston
Martin & Garrison, LLC; Barrett Johnston LLC; or Robbins Geller Rudman & Dowd LLP Related
to the allegations in the Complaint.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant
to any party's claim or defense.  The United States objects to this request because it seeks the
production of documents or information subject to the common interest privilege shared between
the United States and the relator.  The United States objects to this request to the extent that it
seeks the production of documents or information subject to the attorney-client privilege, common-
interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a
government investigative file, or are attorney work-product.  The United States objects to this
request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in
response to this request.

45.     The written disclosure of material evidence that Relator submitted to You pursuant
to 31 U.S.C. § 3730(b)(2).

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant
to any party's claim or defense.  The United States objects to this request because it seeks the
production of documents or information subject to the common interest privilege shared between

46

the United States and the relator.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks documents that are already in the possession of Arriva and Alere or have been produced by other parties to this action.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

46.    All Documents that Relator produced, gave, or provided to You Related to the allegations in the Complaint.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it seeks the production of documents or information subject to the common interest privilege shared between the United States and the relator.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks documents that are already in the possession of Arriva and Alere or have been produced by other parties to this action.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

47.    All Documents and Communications, including transcripts or notes, from interviews conducted during any investigation into Relator's allegations in this Case.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.    The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

48.    All Documents and Communications Regarding Your allegation that "[i]n a large-scale fraud scheme lasting from as early as 2009 until at least November 2016, Defendants, in violation of the Anti-kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), (1) knowingly and willfully paid kickbacks to Medicare beneficiaries in the form of (i) 'free' or 'no cost' home blood glucose monitors ('glucometers'), and (ii) the routine and systematic waiver of beneficiary copayment obligations, and then (2) submitted or caused to be submitted false claims to Medicare that were tainted by those unlawful kickbacks," as alleged in Paragraph 2 of the Complaint-in-Intervention (Dkt. 76).

48

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objections, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request. Additionally, the United States has already produced transcripts of the CID Testimony that was taken during the government's pre-intervention investigation. *See* US00000001 - US00001585. Additionally, the United States will produce non-privileged documents in its possession that it intends to rely on to support the allegations in Paragraph 2 of the Complaint-in-Intervention. The United States otherwise declines to produce documents in response to this request.


49. All Documents and Communications Regarding Your allegation that "[t]he offer or provision of 'free' or 'no cost' glucometers to Medicare beneficiaries" and the "waiver, forgiveness, or failure to collect Medicare copayments" "constitutes the payment of 'remuneration' under the AKS," as alleged in paragraphs 76 and 77 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of

documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objection, the United States responds that these allegations state legal conclusions that are based on well-established legal precedent. *See, e.g., United States v. Turner,* 561 F. App'x 312, 316–17 (5th Cir. 2014); *Flanagan v. Bahal, No. 12-2216 (NLH/JS)*, 2015 WL 9450826, at *9 (D.N.J. Dec. 22, 2015); *U.S. ex rel. Sharp v. E. Oklahoma Orthopedic Ctr.*, No. 05-CV-572-TCK-TLW, 2009 WL 499375, at *23 (N.D. Okla. Feb. 27, 2009). They are also supported by guidance from CMS and HHS-OIG, which have already been produced. *See* US00007762 - US00008205. Additionally, the United States will produce HHS-OIG, Special Advisory Bulletin, Offering Gifts and Other Inducements to Beneficiaries, August 2002 and any additional non-privileged documents in its possession that it intends to rely on to support the allegations in Paragraph 76 and 77 of the Complaint-in-Intervention. The United States otherwise declines to produce documents in response to this request.


50.     All Documents and Communications Regarding Your allegation that Arriva or Alere submitted false claims to Medicare for medically unnecessary glucometers, as alleged in paragraph 307 of the Complaint-in-Intervention (Dkt. 76).

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it prematurely seeks expert discovery. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial

privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objection, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request. Additionally, the United States has already produced transcripts of the CID Testimony that was taken during the government's pre-intervention investigation. *See* US00000001 - US00001585. Additionally, the United States will produce non-privileged documents in its possession that it intends to rely on to support the allegations in Paragraph 307 of the Complaint-in-Intervention. The United States otherwise declines to produce documents in response to this request.


51. All Documents and Communications Regarding the "rare circumstances" when providers are not required to collect the full 20 percent copayment from Medicare beneficiaries or their secondary insurers, as alleged in Paragraph 71 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objection, the United States will produce a copy of HHS-OIG,

51

Special Advisory Bulletin, Offering Gifts and Other Inducements to Beneficiaries, August 2002. The United States otherwise declines to produce documents in response to this request.

52.     All Documents and Communications Regarding the amount that "rivals" spent on advertising, as discussed in Paragraph 153 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objection, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request. The primary document on which the allegations in paragraph 153 was based has the following production number from Arriva: ARR_0056716. The United States otherwise declines to produce documents in response to this request.

53.     All Documents and Communications Regarding the "audit of claims submitted to Medicare by Arriva from April 2011 to April 2016," as alleged in Paragraph 352 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of

documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States incorporates its response to Request 35. Additionally, United States has already produced information regarding that audit. *See* US00007027 - US00007761. The United States otherwise declines to produce documents in response to this request.

54. All Documents and Communications Regarding Your "analysis of Arriva's Medicare billing history through the CMS' Integrated Data Repository," as alleged in Paragraph 353 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States incorporates its response to Request

53

35.    Additionally, United States has already produced information regarding that audit.  *See* US00007027 - US00007761.  The United States otherwise declines to produce documents in response to this request.

55.    All Documents and Communications Regarding Your "review[ ] [of] claims submitted by Arriva to Medicare with dates of service between April 15, 2011 and April 25, 2016," as alleged in Paragraph 355 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.   The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.   The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States incorporates its response to Request 35.   Additionally, the United States has already produced information regarding that audit.  *See* US00007027 - US00007761.  The United States otherwise declines to produce documents in response to this request.

56.    All Documents and Communications Relating to the "representative sample of Arriva's claims" referenced in Paragraph 328 of the Complaint-in-Intervention (Dkt. 76).

54

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks premature disclosure of information governed by Rule 26(a)(2) and to the extent that it seeks disclosure of information protected by Rule 26(b)(4). The United States also cannot identify all of the false claims or all of the information requested in this interrogatory until discovery has progressed substantially and in conjunction with the Court's deadlines for expert disclosure in accordance with Rule 26(a)(2)(D). The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States has already produced documents regarding the representative examples of false claims. *See* Exhibit A of the Amended Complaint-in-Intervention. Additionally, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request. The Arriva production numbers for those documents include: ARR_0146968 – ARR_0147702; ARR_0166315 – ARR_0167240; ARR_01851152 – ARR_0185893; ARR_0154499 – ARR_0155416. The United States otherwise declines to produce documents in response to this request.

57.     All Documents and Communications Regarding the "review of all of Arriva's claims" referenced in Paragraph 329 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659. The United States otherwise declines to produce documents in response to this request.


58.     All Documents and Communications between You and any employee or agent of the Tennessee Bureau of Investigation Medicaid Fraud Control Unit Related to this Case.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States

56

objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

59. All Documents and Communications Regarding the Tennessee Bureau of Investigation Medicaid Fraud Control Unit's investigation of Defendants or the allegations in the Complaint.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

60. All Documents and Communications, between the dates of 2005 and 2018, Regarding television, print, radio, and online advertisements by DTS Suppliers, including but not limited to the following companies: (1) Liberty Medical Supply, Inc.; (2) Care Concepts, Inc.; (3)

57

U.S. Med; (4) Doctor Approved Medical; (5) Diabetes Care Club; (6) BrunoMD6; (7) One Touch; (8) Lincare; (9) iON My Diabetes; (10) Liberator Medical Supply; (11) All States Medical Supply, Inc.; (12) A1 Diabetes; (13) Walgreens; (14) Bayer; (15) Anchor Medical, Inc.; (16) Roche Diagnostics; (17) The Medicine Shoppe; (18) MedSource D.M.E; (19) Riverside Pharmacy; (20) A 1 Diabetes and Medical Supply; (21) AJT Diabetic Incorporated/Countrywide Medical; (22) All American Medical Supplies, LLC; (23) American Medical Supplies, Inc.; (24) Binson's Hospital Supplies/Binson's Home Health Care Centers; (25) The Diabetes Store, Inc.; (26) Medenvios HealthCare, Inc.; (27) North Coast Medical Supply/ Advanced Diabetes Supply; (28) Prescriptions Plus, Inc.; (29) Specialty Medical Equipment, Inc.; (30) United States Medical Supply, Inc.; and (31) Arriva.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The request seeks documents regarding thirty suppliers other than Arriva, none of whom are parties to this action. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to these suppliers, none of whom are relevant to this action. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

58

Subject to the foregoing objections, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request, including copies of Arriva's television, radio, and print advertisements, and communications regarding those advertisements. The United States otherwise declines to produce documents in response to this request.

61.    All Documents and Communications Relating to any analysis or audit of Arriva's billing history through the CMS Integrated Data Repository.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the following objections, the United States incorporates its response to Request 54.

62.    All Documents and Communications Relating to damage awards and settlement agreements Regarding the following entities referenced in Paragraph 301 of the Complaint-in-

Intervention: (1) Orthofix, Inc.; (2) Physician Pharmacy Alliance, Inc.; (3) Nashville Pharmacy Services; (4) Asad Qamar and the Institute of Cardiovascular Excellence; (5) Hudson Valley Associates, R.L.L.P; (6) Quest Diagnostics Inc.; (7) Berkeley HeartLab Inc.; (8) DaVita Rx, LLC; (9) United Therapeutics Corporation; (10) Pfizer; (11) Lincare, Inc.; (12) Actelion Pharmaceuticals US, Inc.; (13) Glades Drugs, Inc.; (14) Stark Pharmacy; (15) Pentec Health, Inc.; (16) Jazz Pharmaceuticals, PLC; (17) Lundbeck LLC; (18) Alexion Pharmaceuticals, Inc.; (19) Astellas Pharma US Inc.; (20) Amgen Inc.; and (21) US WorldMeds LLC.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. Only the fact of these damage and settlement awards and the publically stated bases for them is relevant, which is established by the official press releases announcing them. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States that copies of the official DOJ press releases for the damage awards and settlement agreements identified in paragraph 301 of the Compaint-in-intervention are publically available, including here: https://www.justice.gov/news. The United States otherwise declines to produce documents in response to this request.

60

63.     All Documents and Communications Regarding Your allegation in Paragraph 263 of the Complaint-in-Intervention that Arriva was "aware that Medicare was cracking down [on] . . . advertising [a] free meter but then billing for the meter, or advertising free diabetic supplies and billing for the diabetic supplies."

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objection, United States has already produced transcripts of the CID Testimony of Tim Stocksdale that was taken during the government's pre-intervention investigation.  *See* US00000001 - US00001585.  Additionally, the United States will produce non-privileged documents in its possession that it intends to rely on to support the allegations in Paragraph 63 of the Complaint-in-Intervention.   The United States otherwise declines to produce documents in response to this request.


64.     All Documents and Communications Related to problems, risks, errors, shortcomings, criticisms, difficulties, complications, or issues presented by the Competitive Bidding Program.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant

to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

65.      All Documents and Communications Related to Your projected and actual cost savings of the Competitive Bidding Program.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States

objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

66.    All Documents and Communications Related to the bid submissions for the National Mail Order Program contracts for the period July 2013 to June 2016 from the following companies: (1) All American Medical Supplies, Inc.; (2) All-States Medical Supply, Inc.; (3) Am-Med Diabetic Supplies, Inc.; (4) American Medical Supplies, Inc.; (5) Arriva Medical LLC; (6) Binson's Hospital Supplies, Inc.; (7) Care Services, Inc.; (8) DEGC Enterprises (U.S.), Inc.; (9) Diabetes Care Club; (10) Diagnostics Unlimited; (11) Enteral Products, LLC; (12) Home Care Delivered, Inc.; (13) Home Delivery Incontinent Supplies Co., Inc.; (14) Jade Diabetic Group LLC/Canyon Health Care LLC/101 Diabetic Supply; (15) Kohlls Pharmacy & Homecare, Inc.; (16) Lake Diabetes & Medical Supply, Inc./A1 Diabetes & Medical Supply; (17) Lincare Pharmacy Services/Reliant Pharmacy Services; (18) Longcap DNS, LLC/Envoy Health; (19) Med-Care Diabetic and Medical Supplies; and (20) United States Medical Supply, Inc.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.   The United States objects to this request to the extent it calls for the production of confidential information provided to the

63

government by third-parties. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

67. All Documents and Communications Related to composite bids for National Mail Order Program contracts awarded for the period of July 2013 to June 2016, including but not limited to CMS's calculation and ranking of composite bids.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent it calls for the production of confidential information provided to the government by third-parties. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

64

In light of the foregoing objections, United States declines to produce documents in response to this request.

68.     All Documents and Communications Related to CMS's award of the National Mail Order Program contracts for the period July 2013 to June 2016 to the following companies (1) All American Medical Supplies, Inc.; (2) All-States Medical Supply, Inc.; (3) Am-Med Diabetic Supplies, Inc.; (4) American Medical Supplies, Inc.; (5) Arriva Medical LLC; (6) Binson's Hospital Supplies, Inc.; (7) Care Services, Inc.; (8) DEGC Enterprises (U.S.), Inc.; (9) Diabetes Care Club; (10) Diagnostics Unlimited; (11) Enteral Products, LLC; (12) Home Care Delivered, Inc.; (13) Home Delivery Incontinent Supplies Co., Inc.; (14) Jade Diabetic Group LLC/Canyon Health Care LLC/101 Diabetic Supply; (15) Kohlls Pharmacy & Homecare, Inc.; (16) Lake Diabetes & Medical Supply, Inc./A1 Diabetes & Medical Supply; (17) Lincare Pharmacy Services/Reliant Pharmacy Services; (18) Longcap DNS, LLC/Envoy Health; (19) Med-Care Diabetic and Medical Supplies; and (20) United States Medical Supply, Inc., including but not limited to the evaluation of the bids and reasons for the awards.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent it calls for the production of confidential information provided to the government by third-parties. The United States objects to this request to the extent that it seeks the production of

documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

69.     All Documents and Communications Related to the bid submissions for the National Mail Order Program Recompete from the following companies: (1) A1 Diabetes & Medical Supply; (2) AJT Diabetic Incorporated/Countrywide Medical; (3) All American Medical Supplies, LLC; (4) American Medical Supplies, Inc.; (5) Binson's Hospital Supplies; (6) The Diabetes Store Inc.; (7) Medenvios Health Care, Inc.; (8) North Coast Medical Supply/Advanced Diabetes Supply; (9) Prescriptions Plus, Inc.; (10) Specialty Medical Equipment, Inc.; (11) United States Medical Supply, Inc.; and (12) Arriva.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent it calls for the production of confidential information provided to the government by third-parties. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint

66

prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

70.     All Documents and Communications Related to CMS's award of the National Mail Order Program Recompete contracts for the period July 1, 2016 to December 31, 2018 to the following companies: (1) A1 Diabetes & Medical Supply; (2) AJT Diabetic Incorporated/Countrywide Medical; (3) All American Medical Supplies, LLC; (4) American Medical Supplies, Inc.; (5) Binson's Hospital Supplies; (6) The Diabetes Store Inc.; (7) Medenvios Health Care, Inc.; (8) North Coast Medical Supply/Advanced Diabetes Supply; (9) Prescriptions Plus, Inc.; (10) Specialty Medical Equipment, Inc.; (11) United States Medical Supply, Inc.; and (12) Arriva.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent it calls for the production of confidential information provided to the government by third-parties. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint

prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

71. All Documents and Communications Regarding any CMS termination or revocation of a supplier contract for the National Mail Order program or National Mail Order Recompete, including but not limited to CMS's decision to terminate, revoke, or suspend Arriva's Competitive Bidding Program contract.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

72.     All Documents and Communications Related to the impact of Arriva's departure from the National Mail Order program on other DTS Suppliers or Medicare beneficiaries.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


73.     All Documents and Communications Related to US Health Care's departure from the National Mail Order program.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.   The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to

69

the claims and defenses in this action.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

74.     All Documents and Communications Related to the number of Medicare beneficiaries that would be required to switch mail-order DTS Suppliers as a result of the Competitive Bidding Program.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably

70

accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

75. All Documents and Communications Related to use of the median price of all winning bids as opposed to the price of the pivotal bid to select suppliers in the Competitive Bidding Program.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

76. All Documents and Communications Related to the decision to use non-binding contract bids in the Competitive Bidding Program.

71

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

77.     All Documents and Communications Related to the 2007 Department of Health and Human Services and the Department of Justice Joint Medicare Fraud Strike Force, including but not limited to, the prevention of Medicare fraud in the mail-order DTS market.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are

72

contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

78.  All Documents and Communications Related to Medicare fraud risks involving DTS Suppliers awarded Medicare contracts under the Competitive Bidding Program.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The Amended Complaint-in-Intervention contains no allegations regarding the Competitive Bidding Program, nor is anything related to that program relevant to the claims and defenses in this action. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

79.  All Documents and Communications Related to the November 2012 Office of

Inspector General survey of 500 Medicare beneficiaries referenced on page seven of the November 7, 2012 Memorandum Report: *Supplier Billing for Diabetes Test Strips and Inappropriate Supplier Activities in Competitive Bidding Areas* (OEI-04-11-00760).

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

80. All Documents and Communications Related to secret shopper calls to DTS Suppliers, including Documents and Communications Related to the 254 secret shopper calls referenced on page 29 of the 2016 the Government Accountability Office report entitled *CMS's Round 2 Durable Medical Equipment and National Mail-order Diabetes Testing Supplies Competitive Bidding Programs* (GAO-16-570).

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly

74

burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

81.     All Documents and Communications Related to the November 2012 Office of Inspector General Memorandum Report entitled "Supplier Billing for Diabetes Test Strips and Inappropriate Supplier Activities in Competitive Bidding Areas, OEI-04-11-00760."

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

82.     All Documents and Communications Regarding CMS implementation of safeguards to prevent fraud, waste, and abuse in the Medicare program in response to the November 2012 Office of Inspector General Memorandum Report OEI-04-11-00760.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


83.     All Documents and Communications Related to the transition of Jurisdiction A DME Medicare Administrative Contractor responsibilities from NHIC Corp. to Noridian Healthcare Solutions in December 2015, including but not limited to policies, procedures, timing, and logistics related to the transition and the transfer of ESI, email, Documents, and other records from NHIC to Noridian.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant

to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce copies of the 2014 and 2017 versions of the Medicare Administrative Contractor Workload Transition Handbook, which governed the transition of DME Contractors.  The United States otherwise declines to produce documents in response to this request.

84.  All Documents and Communications Related to the transition of Jurisdiction B DME Medicare Administrative Contractor responsibilities from National Government Services to Cigna Government Services in December 2015, including but not limited to policies, procedures, timing, and logistics related to the transition and the transfer of ESI, email, Documents, and other records from National Government Services to Cigna Government Services.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are

77

contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce copies of the 2014 and 2017 versions of the Medicare Administrative Contractor Workload Transition Handbook, which governed the transition of DME Contractors. The United States otherwise declines to produce documents in response to this request.

85.     All Documents and Communications Related to Noridian Healthcare Services', NHIC's, National Government Services', or Cigna Government Services' processing of Arriva's Medicare DME claims, including but not limited to email, telephone, and other Communications about claim status, medical necessity, approval, denial, redetermination, and requests for additional information. All Documents and Communications Related to the demographics of Medicare beneficiaries receiving DTS.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it contains two separate, unrelated requests. The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. It would be unduly burdensome to locate all documents and communications regarding all of the millions of claims that Arriva submitted to Medicare. Moreover, any such documents and communications, in most cases, would be of limited relevance to this case, and thus not proportional to the needs of this case because the United States will rely on a sample of claims to establish Defendants' liability. *See, United States*

*v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015). The demographics of Medicare beneficiaries, which includes virtually all Americans over the age of 65 and certain disabled persons, is not relevant. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659. The United States otherwise declines to produce documents in response to this request.

86.     All Documents and Communications Related to any appeals, redeterminations, or reconsiderations of CMS reimbursement or overpayment decisions filed by or on behalf of Arriva.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. It would be unduly burdensome to locate all documents and communications regarding all the appeals, redeterminations, or reconsiderations for the millions of claims that Arriva submitted to Medicare. Moreover, those communications, in most cases, would be of limited relevance to this case, and thus not proportional to the needs of this case because the United States will rely on a sample of claims to establish Defendants' liability. *See, United States v. Life Care Centers of Am., Inc.*, No. 1:08-CV-

251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015). The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States has produced claims information for all claims submitted by Arriva to Medicare, *see* US00001586 - US00001659, which includes information regarding the approval and denial of claims submitted by Arriva to Medicare, including the results of any appeals, redeterminations, or reconsiderations. The United States otherwise declines to produce documents in response to this request.

87.     All Documents and Communications Relating to the settlement entered between You and David Wallace and Timothy Stocksdale, referenced in paragraph 303 of the Complaint-in-Intervention (Dkt. 76).

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce a copy of the settlement

agreement entered into between the United States and Messrs. Wallace and Stocksdale.

88.     All Documents and Communications Relating to David Wallace and Timothy Stocksdale.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objection, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action, which includes documents that are responsive to this request.  Additionally, the United States has already produced transcripts of the CID Testimony that was taken during the government's pre-intervention investigation.  *See* US00000001 - US00001585.   The United States otherwise declines to produce documents in response to this request.

89.     All Documents and Communications Relating to Patients A, B, C, D, and E, referenced in Paragraphs 330–345 and 362–365 of the Complaint-in-Intervention (Dkt. 76).

81

**UNITED STATES' RESPONSE:**

The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Request 56.

90. All Interrogatories, and the corresponding responses, You sent to or received from Defendants during Your investigation into Relator's allegations in this Case.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information contained in a government investigative file or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce copies of the interrogatory response of Arriva and Alere. The United States otherwise declines to produce documents in response to this request.

91. All Communications with Third Parties Related to the allegations in the Complaint,

82

including all Documents You received from Third Parties in connection with this Case or Related to the allegations in the Complaint, and all Documents You sent to Third Parties in connection with this Case or Related to the allegations in the Complaint, including but not limited to any civil or administrative investigative demand.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the forgoing objections, the United States will produce documents that Arriva and Alere produced to the United States pursuant to Civil Investigative Demands prior to the United States' intervention in this action. The United States otherwise declines to produce documents in response to this request.

92.     All Communications with any government agency Related to the allegations in the Complaint, including all Documents You received from any government agency Related to the allegations in the Complaint.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request

to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

93. All Documents Related to Your record retention and deletion policies.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce copies of the records retention policies for CGS, Palmetto, and Noridian. Additionally, United States responds: CMS's record retention policies can be found here:

https://www.cms.gov/Regulations-and-Guidance/Guidance/CMSRecordsSchedule/

HHS-OIG's record retention policies can be found here:

OAS (Office of Audit Services):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0010_sf115.pdf

OCIG (Office of Counsel to the IG):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0011_sf115.pdf

OEI (Office of Evaluation and Inspections):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0012_sf115.pdf

OI (Office of Investigations):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0013_sf115.pdf

IO (Immediate Office)

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0008_sf115.pdf

NGS does not have a written records retention policy. However, NGS's current practice is that it does not delete records.

94.    Documents sufficient to identify the person(s) at CMS, HHS, Noridian Healthcare Services, NHIC Corp., National Government Services, Cigna Government Services, AdminaStar, Palmetto GBA, Tennessee Bureau of Investigations, and GAO who initiated or was otherwise responsible for managing litigation holds and preservation efforts related to this Case.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense. The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States incorporates its response to Interrogatory 19.

95.    All Documents and Communications Regarding the damages you are seeking in this Case.

**UNITED STATES' RESPONSE:**

United States object to this request to the extent that it seeks premature disclosure of information governed by Rule 26(a)(2) and to the extent that it seeks disclosure of information protected by Rule 26(b)(4). United States also cannot identify all of the false claims or all of the information requested in this interrogatory until discovery has progressed substantially and in conjunction with the Court's deadlines for expert disclosure in accordance with Rule 26(a)(2)(D).

Subject to the foregoing objection, the United States will produce documents that it intends to rely on to prove damages in this action.

86

96.     CMS, HHS, Noridian Healthcare Services, NHIC Corp., National Government Services, Cigna Government Services, AdminaStar, Palmetto GBA, Tennessee Bureau of Investigation, and GAO organizational charts in effect between 2009 and present.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it does not seek discovery that is relevant to any party's claim or defense.  The United States objects to this request because it is unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecutorial privilege, or deliberative process privilege, are contained in a government investigative file, or are attorney work-product.  The United States objects to this request to the extent that it seeks the production of documents that are publically available.  The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, the United States will produce organizations charts for Noridian, CGS, and NGS that can be located based on a reasonable search of the files of those entities and are reasonably accessible.

An organizational chart for HHS is publically available and can be found here: https://www.hhs.gov/about/agencies/orgchart/index.html.

An organizational chart for CMS is publically available and can be found here: https://www.cms.gov/About-CMS/Agency-Information/CMSLeadership/OrganizationalChartASP.html.

87

Dated:  August 23, 2019

<div style="margin-left: 40%;">

JOSEPH H. HUNT
Assistant Attorney General

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:     s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE, BPR 023133
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Tel: (615) 736-2125
Fax: (615) 401-6626
ellen.bowden2@usdoj.gov

By:     s/ Jake M. Shields
JAKE M. SHIELDS
U.S. Department of Justice
Civil Division, Fraud Section
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9401
Fax: (202) 514-0280
jake.m.shields@usdoj.gov

*Counsel for the United States*

</div>

88