# Exhibit 3

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, | ) | |
| GREGORY M. GOODMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: 3:13-cv-00760 |
| | ) | Judge Aleta A. Trauger |
| v. | ) | |
| | ) | |
| ARRIVA MEDICAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSES AND OBJECTIONS TO THE THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF UNITED STATES OF AMERICA BY DEFENDANTS ARRIVA MEDICAL, LLC AND ALERE, INC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the United States of America (the "United States") serves its responses and objections to the third set of requests for production by Defendants Arriva Medical, LLC and Alere, Inc. (together, "Arriva"). The United States' responses and objections are based upon the information presently available to the United States following a reasonable investigation to date. The United States expressly reserves the right to modify, supplement, or amend its responses and objections, including to reflect information that discovery or further investigation may disclose, and to do so subject to any applicable objection, privilege, or other protection from disclosure.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The United States objects to the definitions of you, your, government, CMS, HHS, HHS-OIG, and DOJ to the extent they purport to require the United States to gather and review information in the possession or custody of any agency, office, employee, agent, representative, officer, or contractor of either the Legislative Branch or the Judicial Branch, or of Executive

1

Branch components beyond the Department of Health and Human Services (HHS), its Office of Inspector General (OIG) and Centers for Medicare and Medicaid Services (CMS), and the Civil Division, Commercial Litigation Branch (Fraud Section) of United States Department of Justice and the Civil Division of the Office of the United State's Attorney for the Middle District of Tennessee (together, DOJ) on the grounds that they are unduly burdensome and overbroad and seek information not relevant to the claims or defenses in this action and disproportionate to the needs of this case.

The United States objects to Instructions 1 and Definitions 1 and 8. The United States responds to these requests solely on behalf of HHS, HHS-OIG, CMS, and DOJ. Where appropriate, the United States will provide its responses based on information and documents obtained from non-parties and current Medicare contractors CGS Administrators, LLC, Noridian Healthcare Solutions, National Government Services, Inc., Safeguard Services LLC, NE UPIC, Safeguard Services LLC, SE UPIC, Qlarant, UPIC West, Qlarant, SW UPIC, and AdvanceMed, Midwest UPIC or other current Medicare contractors, to the extent that those entities have relevant information that they acquired in the context of their roles as Medicare contractors and provide those documents and information to the United States. The United States will not collect or produce documents from former Medicare contractors, unless those documents are in the possession, custody, or control of the CMS or the Medicare contractors referenced above.

The United States objects to Instruction 3 to the extent that it seeks the production of documents outside the relevant time period for the allegations in the Complaint. Unless otherwise indicated, the United States will only search for documents created during the period between January 2009 and December 2017.

The United States objects to Instructions 4 and 6-8 as unduly burdensome.

2

## REQUESTS FOR PRODUCTION

1.     All Documents, including Medicare guidance, regarding the meaning of "abuse of billing privileges" in relation to Medicare claims for deceased beneficiaries, as set forth in 42 C.F.R. § 424.535(a)(8)(i).

## UNITED STATES' RESPONSE:

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  The scope and application of CMS's authority to revoke a supplier's Medicare supplier number is not at issue in this action.  Moreover, the materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute.  That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims.  *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . . . were deceased on each purported date of service").   The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS.  *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019).  The United States objects to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product.  Documents and communications regarding the "meaning" of a legal term like "abuse of billing privileges" or federal regulations more generally

will typically involve legal advice provided by agency counsel or other government attorneys, which is privileged or attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are publically available. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


2.     Documents and Communications Related to the purported Medicare rule that CMS may revoke a supplier's billing privileges for submitting a single claim for items furnished to a beneficiary who was deceased on the date of service, including Documents and Communications sufficient to show the origin of the purported rule and every instance in which CMS has revoked a Medicare supplier's billing privileges on that basis.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The scope and application of CMS's authority to revoke a supplier's Medicare supplier number is not at issue in this action. Moreover, the materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211

4

beneficiaries who . . . were deceased on each purported date of service").   The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS.  *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019).  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  The United States further objects to this request because the term "purported Medicare rule that CMS may revoke a supplier's billing privileges for submitting a single claim for items furnished to a beneficiary who was deceased on the date of service" is vague and ambiguous.  The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. Documents and communications regarding federal rules and regulations will typically involve legal advice provided by agency counsel or other government attorneys, which is privileged or attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

3.      Documents and Communications Related to the submission of claims to CMS by any DTS supplier for items furnished to deceased beneficiaries between 2006 and 2017.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.   The materiality of a supplier submitting claims to Medicare for

5

items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . . . were deceased on each purported date of service"). The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS. *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

4. Documents and Communications Related to any enforcement action You took against a DTS Supplier Related to Medicare claims for items furnished to deceased beneficiaries.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . . . were deceased on each purported date of service"). The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS. *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney

7

work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

5. Documents and Communications sufficient to identify any instance where You investigated a DTS Supplier Related to Medicare claims for items furnished to deceased beneficiaries but declined to take any enforcement action.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . . . were deceased on each purported date of service"). The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS. *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and

information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

6. Documents and Communications Related to any analysis of a DTS Supplier's Medicare claims for deceased beneficiaries, including any analysis similar the one Patrick Neubert performed Related to Arriva claims in September 2016.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . .

9

. were deceased on each purported date of service"). The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS. *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


7. Documents and Communications Related to the October 2013 OIG report, *Medicare Payments Made on Behalf of Deceased Beneficiaries in 2011* (OEI-04-12-00130), including documents sufficient to identify the 8,543 Medicare Part B suppliers listed in Table 4 of the report who submitted claims with service dates after the beneficiary's date of death in 2011.

**UNITED STATES' RESPONSE**:

The United States objects to this request because it seeks discovery that is not relevant to

10

any party's claim or defense. The materiality of a supplier submitting claims to Medicare for items that were purportedly provided to deceased beneficiaries is not in dispute. That is particularly the case here because it is undisputed that in 2016 CMS revoked Arriva's Medicare supplier number on the basis that Arriva submitted claims to Medicare for items purportedly provided to 211 beneficiaries who were deceased on the purported dates of services of those claims. *See* Oct. 5, 2016 Revocation Letter from CMS to Arriva [US00005782] (revoking Arriva's billing number because "Arriva . . . billed for items/services provided to 211 beneficiaries who . . . were deceased on each purported date of service"). The United States further objects to this request to the extent that Arriva and Alere are seeking to use the discovery process in this litigation to obtain discovery for a separate action it has brought against HHS. *See Arriva Medical, LLC v. Azar*, Case No. 9:19-cv-80685 (S.D. Fla. filed May 24, 2019). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of publically available documents. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

8. Documents and Communications sufficient to identify (i) all DTS Suppliers who submitted claims for DTS in violation of the Five Year Rule between 2006 and 2017; (ii) the

number of such claims each provider or supplier submitted; (iii) any disciplinary or corrective action CMS took in response; and (iv) CMS's reasons for taking any disciplinary or corrective action.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Escobar*, *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production

12

of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

9.  Documents and Communications Related to the submission of claims to CMS for glucometers by any DTS supplier, between 2006 and 2017, in violation of the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information

subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

10. Documents and Communications Related to CMS efforts to track, collect, or report Medicare claim denial rates for DTS suppliers Related to violations of the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such

14

documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

11. Documents and Communications, including Medicare guidance, Related to billing for durable medical equipment when information regarding the beneficiary's previous claim submissions is unavailable to the Medicare supplier.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches

importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

Subject to the foregoing objections, United States will produce publically available guidance and directives from the DME MACs and CMS regarding best methods for complying with the Five Year Rule that can be located based on a reasonable search of the files of the DME MACs[1] and CMS and are reasonably accessible. The United States otherwise declines to produce documents in response to this request.

12. Documents and Communications Related to any enforcement action You took against a DTS Supplier for an alleged violation of the Five Year Rule.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-

---

[1] The DME MACs include Noridian, CGS, and NGS. NHIC, a non-party, is a former Medicare contractor, which is not currently represented in this matter by DOJ.

20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.


13.    Documents and Communications sufficient to identify any instance where You investigated a DTS Supplier for an alleged violation of the Five Year Rule but declined to take any enforcement action.

**<u>UNITED STATES' RESPONSE</u>:**

The United States objects to this request because it seeks discovery that is not relevant to

17

any party's claim or defense. The materiality of violations of the Five Year Rule is not in dispute. In CID testimony, Bob Emerson, who at the time of his testimony was head of reimbursement for both Arriva and Alere Home Monitoring and represented by company counsel, admitted that "Medicare will pay for DME no more than one time in a five-year period." Emerson Tr., 61:19-20; *see id.,* 69:25-70:1 ("if we've given these people a meter within five years they can't have another meter"). This alone is sufficient to establish materiality. *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016) ("a 'matter is material' . . . if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action"). The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case. The request seeks documents regarding tens of thousands of suppliers other than Arriva. Documents and information regarding these other suppliers is not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search widely for documents related to tens of thousands of unidentified suppliers. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege, common-interest or joint prosecution privilege, or deliberative process privilege, contained in a government investigative file, or that is attorney work-product. The United States objects to this request to the extent that it seeks the production of documents that are not reasonably accessible.

In light of the foregoing objections, United States declines to produce documents in response to this request.

14.     For each Medicare beneficiary for whom Arriva submitted a claim for a glucometer, Documents sufficient to identify any previous Medicare claims for glucometers, submitted by any DTS supplier, for the same Medicare beneficiary.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.

Subject to the foregoing objections, the United States will produce responsive claims data.


15.     For each Medicare beneficiary for whom Arriva submitted a claim for a glucometer, Documents sufficient to identify any subsequent Medicare claims for glucometers, submitted by any DTS supplier, for the same Medicare beneficiary.

**UNITED STATES' RESPONSE:**

The United States objects to this request because it seeks discovery that is not relevant to any party's claim or defense.  Subsequent glucometer claims are not at issue in this lawsuit.  The United States objects to this request because it is unduly burdensome and not proportional to the needs of the case.  Documents and information regarding subsequent glucometer claims are not relevant nor would the search for such documents be proportional to the needs of the case because it would require the United States to search massive national claims data and produce scores of personal health care information from suppliers other than Arriva that are not actually tied to, and have no bearing upon, the allegations in this case.

In light of the foregoing objections, United States declines to produce documents in response to this request.

Dated:  January 13, 2020

JOSEPH H. HUNT
Assistant Attorney General

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:  s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE, BPR 023133
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Tel: (615) 736-2125
Fax: (615) 401-6626
ellen.bowden2@usdoj.gov

By:  s/ Jake M. Shields
JAKE M. SHIELDS
U.S. Department of Justice
Civil Division, Fraud Section
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9401
Fax: (202) 514-0280
jake.m.shields@usdoj.gov

*Counsel for the United States*

20