# Exhibit 4

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| GREGORY M. GOODMAN, | ) | Civil Case No.: 3:13-cv-00760 |
| | ) | |
| Plaintiff, | ) | JUDGE TRAUGER |
| | ) | |
| v. | ) | |
| | ) | |
| ARRIVA MEDICAL, LLC, | ) | |
| ALERE, INC, TED ALBIN and | ) | |
| GRAPEVINE BILLING AND | ) | |
| CONSULTING SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |


## THE UNITED STATES RESPONES AND OBJECTIONS TO THE FIRST AND SECOND SET OF INTERROGATORIES TO PLAINTIFF UNITED STATES OF AMERICA FROM DEFENDANTS ARRIVA MEDICAL, LLC AND ALERE, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States of America (the "United States") through its undersigned counsel serves its responses and objections to the first and second sets of requests of interrogatories from Defendants Arriva Medical, LLC and Alere, Inc. (together, "Arriva"). The United States' responses and objections are based upon the information presently available to the United States following a reasonable investigation to date. The United States expressly reserves the right to modify, supplement, or amend the responses and objections, including to reflect information that discovery or further investigation may disclose, and to do so subject to any applicable objection, privilege, or other protection from disclosure.

## GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The United States objects to the definitions of you, your, government, CMS, HHS, HHS-OIG, and DOJ to the extent they purport to require the United States to gather and review

information in the possession or custody of any agency, office, employee, agent, representative, officer, or contractor of either the Legislative Branch (including the General Accounting Office, which is not a party to this case) or the Judicial Branch, or of Executive Branch components beyond the Department of Health and Human Services (HHS), its Office of Inspector General (OIG) and Centers for Medicare and Medicaid Services (CMS), and the Civil Division, Commercial Litigation Branch (Fraud Section) of United States Department of Justice and the Civil Division of the Office of the United State's Attorney for the Middle District of Tennessee (together, DOJ) on the grounds that they are unduly burdensome and overbroad and seek information not relevant to the claims or defenses in this action and disproportionate to the needs of this case.

The United States further objects to the definition of CMS Contractors to the extent that the definition includes any person or entity other than current Medicare contractors CGS Administrators, LLC (CGS), Noridian Healthcare Solutions, LLC (Noridian), and National Government Services, Inc. (NGS), Palmetto GBA, LLC (Palmetto), or former Medicare contractor National Heritage Insurance Corporation (NHIC).

The United States further objects to instructions 1 and 3. The United States responds to these interrogatories solely on behalf of HHS, HHS-OIG and CMS and DOJ. Where appropriate, the United States will provide its responses based on information obtained from non-parties and current Medicare contractors CGS, Noridian, NGS, and Palmetto, former Medicare contractor NHIC, or other current Medicare contractors, to the extent that those entities have relevant information that they acquired in the context of their roles as Medicare contractors and provide that information to the United States. The United States may also obtain information from non-party the Tennessee Bureau of Investigations, Medicaid Fraud Control Unit (TBI).

The United States further objects to instruction 4 to the extent that it requires responses be made under oath. There is no requirement under the Federal Rules of Civil Procedure or the local rules of this Court for responses to requests to admit to be under oath.

The United States further object to instructions 4, 5, and 7 as unduly burdensome.

The United States objects to each and every one of the interrogatories to the extent that they seek discovery regarding whether violations of the Anti-kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b), are material to the United States' payment decisions because discovery on that topic is not relevant to any claim or defense nor is it proportional to the needs of the case. As a number of courts have held, applying the Supreme Court's decision in *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989 (2016)*,* violations of the AKS are "*per se* material" to the United States' payment decisions "in all cases" because "Congress has decreed these claims to be 'fraudulent,'" and, thus, "there is no need for an independent assessment of materiality." *United States v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 6015574, at *2 (D.S.C. Dec. 4, 2017) ("AKS violations are *per se* material."); *id.* ("AKS compliance is material to payment decisions in all cases"); *United States v. Teva Pharm. USA, Inc.*, No. 13 CIV. 3702 (CM), 2019 WL 1245656, at *28 (S.D.N.Y. Feb. 27, 2019) ("[F]or claims submitted after [March 10, 2010], and where liability comes from 'knowingly ... caus[ing] to be presented, a false or fraudulent claim for payment or approval,' 31 U.S.C. § 3729(a)(1)(A), there is no need for an independent assessment of materiality. Congress has decreed these claims to be 'fraudulent,' and as the Court observed in *Escobar*, a fraudulent claim is necessarily material because only material misrepresentations (or omissions) qualify as 'fraudulent' under the common law."). Accordingly, discovery on this issue is not relevant nor is it proportional to the needs of the case. *See United States v. Rankin*, No. 2L15-CR-168, 2016 WL 8229781, at *3 (S.D. Ohio Jan. 4, 2016) (denying

discovery where "[n]o additional discovery would lead to facts that could change the legal analysis").

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Medicare claims submitted by or on behalf of Arriva for which You paid or authorized payment in any amount after You first learned of the allegations in the Complaint, including: (i) the date each claim was submitted; (ii) the date each claim was paid; (iii) the total dollar amount paid for each claim; and (iv) the type(s) of Diabetes Testing Supplies (*e.g.*, glucometer, diabetic testing strips) for which the claim requested payment.

### UNITED STATES' RESPONSE:

The United States objects to this interrogatory because it is unduly burdensome and not proportional to the needs of the case. The United States further objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense.

Subject to the foregoing objection, the United States states that it has produced claims information for all claims submitted by Arriva to Medicare, including the information sought in this interrogatory. *See* US00001586 - US00001659; *see also* Exhibit A to Amended Complaint-in-Intervention, which is filed at Doc. No. 121-1. The United States otherwise declines to respond to this interrogatory.

### INTERROGATORY NO. 2:

Identify each Medicare claim alleged to have been submitted to the United States, by or on behalf of Defendants, that You contend is false under 31 U.S.C. § 3729, and provide Your basis for that contention, including: (i) the date each claim was submitted; (ii) the date each claim was paid; (iii) the total dollar amount paid for each claim; (iv) the type(s) of Diabetes Testing Supplies

4

(*e.g.*, glucometer, diabetic testing strips) for which the claim requested payments; and (v) the specific reason or reasons why You contend the claim was false for each specific claim.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it is a premature contention interrogatory. The United States further objects to this interrogatory because it is unduly burdensome and not proportional to the needs of the case. It is well established that the United States can rely on a sample of claims to establish a defendant's liability in a case under the False Claims Act and does not need to identify every claim that it contends is a false claim. *See, e.g., United States v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015) ("statistical sampling may be used to prove claims brought under the FCA involving Medicare"); *id.* ("the Government will not be required to engage in a claim-by-claim review of the entire universe of claims); *United States v. Robinson*, No. 13-CV-27-GFVT, 2015 WL 1479396, at *10 (E.D. Ky. Mar. 31, 2015) ("statistical sampling methods and extrapolation have been accepted in the Sixth Circuit and in other jurisdictions as reliable and acceptable evidence in determining facts related to FCA claims"); *id.* ("The Sixth Circuit has rejected the notion that a statistical sampling of cases cannot be used as a basis for extrapolation to a larger number of cases, especially when presenting evidence as to each individual case would be impossible.").

Subject to the foregoing objections, the United States states that based on documents, including Arriva's customer files, which will be produced in discovery, the United States' experts will identify a sample of claims that the United States' contends are false from which damages in this action will be extrapolated. Additionally, the Amended Complaint in Intervention and its Ex. A, at Doc. No. 121, ¶¶ 336-38 (Patient A), 339-342 (Patient B), 343-45 (Patient C), 345-50 (Patient

D), 368-70 & 373 (Patient E), 372-73 (Patient F), and Doc. No. 121-1, contain information responsive to this request. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 3:**

For each Medicare claim You identify in response to Interrogatory No. 2 for which You contend the claim was false because it was tainted by a violation of the Anti-Kickback Statute, identify the specific co-payment waiver or free glucometer that you contend tainted the claim and Your basis for contending it tainted the claim.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it is a premature contention interrogatory that goes to the ultimate issue to be decided by the jury. The United States further objects to this interrogatory because it is unduly burdensome and not proportional to the needs of the case. It is well established that the United States can rely on a sample of claims to establish a defendant's liability in a case under the False Claims Act. *See, e.g., United States v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015) ("statistical sampling may be used to prove claims brought under the FCA involving Medicare"); *id.* ("the Government will not be required to engage in a claim-by-claim review of the entire universe of claims); *United States v. Robinson*, No. 13-CV-27-GFVT, 2015 WL 1479396, at *10 (E.D. Ky. Mar. 31, 2015) ("statistical sampling methods and extrapolation have been accepted in the Sixth Circuit and in other jurisdictions as reliable and acceptable evidence in determining facts related to FCA claims"); *id.* ("The Sixth Circuit has rejected the notion that a statistical sampling of cases cannot be used as a basis for extrapolation to a larger number of cases, especially when presenting evidence as to each individual case would be impossible.").

Subject to the foregoing objections, the United States incorporates its response to Request

6

2. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 4:**

Identify all Persons You formally or informally interviewed during Your investigation into the conduct alleged in the Complaint, including the allegation that Arriva submitted false claims to Medicare.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this request because it categorically seeks information that is attorney-work product, part of a privileged government investigative file, privileged government deliberative process, and subject to the common interest or joint prosecution privilege.

In light of the foregoing objections, the United States declines to respond to this interrogatory.

**INTERROGATORY NO. 5:**

Identify all Diabetes Testing Supply providers that have offered free Diabetes Testing Supplies or products to Medicare patients, including for each (i) the identity of the provider; (ii) the Diabetes Testing Supply or product provided; (iii) the number of free products that they supplied; (iv) when the free products were supplied; and (v) whether CMS reimbursed subsequent claims that each provider submitted for Diabetic Testing Supplies provided to the Medicare beneficiaries who received free Supplies.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory

7

because it seeks information that is not in the United States' possession. The United States further objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case. Discovery regarding these other suppliers is not relevant nor would the search for such discovery be proportional to the needs of the case because it would require United States to search widely for information related to dozens (if not hundreds) of unidentified suppliers.

In light of the foregoing objections, the United States declines to respond to this interrogatory.

**INTERROGATORY NO. 6:**

Describe the measures or steps that Arriva should have taken to achieve "reasonable efforts to collect copayments" as stated in ¶ 210 of your Complaint-in-Intervention.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it is a premature contention interrogatory that seeks a legal conclusion.

Subject to the foregoing objections, the United States states: At minimum, "[t]o be considered a reasonable collection effort, the effort to collect Medicare coinsurance/deductible amounts must be similar to the effort made to collect comparable amounts from non-Medicare patients." MEDICARE CLAIMS PROCESSING MANUAL (MCPM), Chapter 23, § 80.8.1; *see* 59 Fed. Reg. 65,372-01 (Dec. 19, 1994); MEDICARE PROVIDER REIMBURSEMENT MANUAL (PRM), Part I, Ch. 3, § 310; *see also* 42 C.F.R. § 1003.101 (Oct. 2004). "[I]t must also involve the issuance of a bill to the beneficiary or to the party responsible for the patients personal financial obligation" at or shortly after the date-of-service. MCPM, Chapter 23, § 80.8.1. In addition, the supplier must take "other actions, such as subsequent billings, collection letters and telephone calls or personal contacts" in a genuine effort to collect the unpaid amounts. *Id.*; PRM, Part I, Ch. 3, § 310. At

8

bottom, the supplier must make "a genuine, rather than token, collection effort."  MCPM, Chapter

23, § 80.8.1; PRM, Part I, Ch. 3, § 310.   Additionally, "[t]he provider's collection effort should

be documented in the patient's file by copies of the bill(s), follow-up letters, reports of telephone

and personal contact, etc."  PRM, Part I, Ch. 3, § 310.   As alleged in the Amended Complaint-in-

Intervention, as a general matter, Arriva did not make genuine, good faith, as opposed to token,

efforts to collect beneficiary copayment obligations from Medicare beneficiaries who did not have

secondary insurance.  *See* Amended Complaint-in-Intervention ¶¶207-251.  The United States

otherwise declines to respond to this interrogatory.


**INTERROGATORY NO. 7:**

Do You contend the patients in Exhibit A to Your Complaint-in-Intervention are

representative of all patients who received free blood glucose meters, received copayment waivers,

or were shipped supplies after their death by Arriva?  If so, describe the basis for Your contention.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it is a premature contention

interrogatory that seeks a legal conclusion.

Subject to the following objection, the United States states that the Medicare beneficiaries

identified in Exhibit A are representative examples of Medicare beneficiaries for whom the United

States alleges legal violations by Defendants in its Amended Complaint in Intervention.  *See*

Amended Complaint-in-Intervention, ¶¶ 335-350 & 368-373 & Ex. A.  As explained therein,

Patients A, B, and D are examples of Medicare beneficiaries for whom Arriva submitted false

claims due to kickbacks in the form of waived beneficiary copayments.  Patient D is also an

example of a Medicare beneficiary for whom Arriva submitted a false claim for a glucometer due

to violation of the Five Year Rule.  Patient C is an example of a Medicare beneficiary for whom

9

Arriva submitted false claims due to kickbacks in the form of a free glucometer. Patients E and F are examples of Medicare beneficiaries for whom Arriva submitted false claims due to billing for their supplies after the beneficiaries' death. *See* Amended Complaint-in-Intervention ¶¶ 358-386. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 8:**

Identify the "rare circumstances" when providers are not required to collect the full 20 percent copayment from Medicare beneficiaries or their secondary insurers, as alleged in Paragraph 71 of the Complaint-in-Intervention.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it is a premature contention interrogatory that goes to the ultimate issue to be decided by the jury.

Subject to the foregoing objection, the United States states that the "rare circumstances" when providers are not required to collect the full twenty percent copayment from Medicare beneficiaries or their secondary insurers include "waivers of cost-sharing amounts based on financial need; properly disclosed copayment differentials in health plans; incentives to promote the delivery of certain preventive care services; any practice permitted under the federal antikickback statute pursuant to 42 CFR 1001.952; or waivers of hospital outpatient copayments in excess of the minimum copayment amounts." HHS-OIG, Special Advisory Bulletin, Offering Gifts and Other Inducements to Beneficiaries, August 2002. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 9:**

Identify each Person involved in drafting, preparing, editing, analyzing the issues presented in, or otherwise contributing to HHS-OIG's November 2012 *Supplier Billing for Diabetes Test*

10

*Strips and Inappropriate Supplier Activities in Competitive Bidding Areas*.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks the identity of "each Person" involved in "drafting, preparing, editing, analyzing the issues presented in, or otherwise contributing" to HHS-OIG's November 2012 *Supplier Billing for Diabetes Test Strips and Inappropriate Supplier Activities in Competitive Bidding Areas*.

In light of the foregoing objections, the United States declines to respond to this interrogatory.

**INTERROGATORY NO. 10:**

Identify each Person involved in Arriva's selection as a supplier in the National Mail Order Program and National Mail Order Program Recompete.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks the identity of "each Person" involved in Arriva's selection as a supplier in the National Mail Order Program and National Mail Order Program Recompete.

In light of the foregoing objections, the United States declines to respond to this

11

interrogatory.

**INTERROGATORY NO. 11:**

Identify each Person involved in CMS's decisions to restrict or otherwise limit Arriva's access in 2015 to the CMS Eligibility Database.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States objects to this request to the extent that it seeks the production of documents or information subject to the attorney-client privilege or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks the identity of "each Person" involved in CMS's decisions to restrict or otherwise limit Arriva's access in 2015 to the CMS Eligibility Database.

Subject to the foregoing objections, the United States states that the following individuals were involved in the decision to restrict (and reinstate) Arriva's access to the CMS Eligibility Database in 2015: Brad Beatty, Ada Sanchez, William Voelker, Christine Grasser, Rupinder Singh, Witney Korangkool, and Sheila Dickerson. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 12:**

Identify each Person involved in CMS's decision to revoke Arriva's Medicare billing number.

**UNITED STATES' RESPONSE:**

The United States objects to this request to the extent that it seeks the production of

12

documents or information subject to the attorney-client privilege or deliberative process privilege, are contained in a government investigative file, or are attorney work-product. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks the identity of "each Person" involved in CMS's decision to revoke Arriva's Medicare billing number. The United States further objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense.

Subject to the foregoing objections, the United States states that the following individuals were involved in the decision to revoke Arriva's billing number in November 2016: Zabeen Chong, Charles Schalm, Anthony Gattine, Mark Majestic, Lori Bellan, Cindy Sisti, Horace Dozier, Patrick Neubert, Joel Cohen, Shantanu Agrawal, Johnathan Morse, George Mills, and Jami Lookabill. The United States otherwise declines to respond to this interrogatory.

## INTERROGATORY NO. 13:

Identify all providers of Diabetes Testing Supplies for whom CMS restricted access to the CMS Eligibility Database, including the date the restriction was imposed, the circumstances leading to the restriction, and the nature of the restriction.

### UNITED STATES' RESPONSE:

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks discovery regarding dozens (if not hundreds) of suppliers other than Arriva. Discovery regarding these other suppliers is not relevant nor would the search for such discovery be proportional to the needs of the case because it would require United States to search widely

13

for information related to dozens (if not hundreds) of unidentified suppliers.

Subject to the foregoing, the United States will produce a excel spreadsheet that will identify all Medicare suppliers whose access to the CMS Eligibility Database was restricted and the date on which the access was restricted. In each case, access was restricted to the supplier because of high volume of attempts to access the CMS Eligibility Database that interfered with the operation of the database. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 14:**

Identify each Person at NHIC, Corp. or National Government Services, Inc. involved in processing claims Arriva submitted, deciding any claim redetermination Arriva requested, or referring claims Arriva submitted to a Medicare fraud investigation contractor.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to the foregoing objections, the United States that, as a general matter, claims submitted to the DME MACs are processed by computers. The United States further states that the Director of Claims Processing at NGS was Jay Caine, and the head of appeals was Rebecca (Becky) Cunningham. Tim Fickle was responsible for reporting alleged incidents of fraud to the appropriate parties. The United States is not currently in possession of information responsive to this request for NHIC. The United States reserves the right to update its response to this interrogatory. The United States otherwise declines to respond to this interrogatory.

14

**INTERROGATORY NO. 15:**

Identify any audits You conducted of Arriva or any other Diabetes Testing Supply provider regarding waived co-payments or free Diabetic Testing Supplies, including for each (i) the date of the audit, (ii) the basis for the audit, (iii) the Persons involved in the audit, (iv) the results of the audit, and (v) any action You took as a result of the audit.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Discovery regarding these other suppliers is not relevant nor would the search for such discovery be proportional to the needs of the case because it would require United States to search widely for documents related to dozens (if not hundreds) of unidentified suppliers.

Subject to the foregoing objections, the United States states that it is not aware of any audit of Arriva regarding waived co-payments or free Diabetic Testing Supplies. The United States reserves the right to update its response to this interrogatory. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 16:**

Identify any investigations, analysis, or review You conducted regarding advertisements for free or no-cost Diabetic Testing Supplies, including for each (i) the date of the investigation, analysis, or review; (ii) the Persons involved in the investigation, analysis, or review; and (iii) any action You took as a result of the investigation, analysis, or review.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not

relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that the request seeks discovery regarding any supplier other than Arriva, that information is neither relevant nor would the search for such discovery be proportional to the needs of the case because it would require the United States to search widely for information related to dozens (if not hundreds) of unidentified suppliers.

Subject to the foregoing objections, the United States states that, other than this matter, it is not currently aware of any investigations, analysis, or review of Arriva's advertisements for free or no cost diabetic testing supplies. The United States reserves the right to update its response to this interrogatory. The United States otherwise declines to respond to this interrogatory.

**INTERROGATORY NO. 17:**

For each Person to whom you sent a litigation hold notice in connection with this Case or for whom you are otherwise preserving ESI, data, documents, or other information, identify the agency or entity where each Person works; the date(s) on which you sent each such litigation hold notice or otherwise directed the Person to preserve; and the categories of data targeted for preservation in each such litigation hold notice or preservation request.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it seeks the production of information that is attorney-work product and/or privileged attorney-client communications. The United States further objects to this interrogatory because it is premature because there is no credible suggestion of spoliation or that the United States has not properly preserved relevant documents. The United States further objects to this interrogatory

16

because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent to the extent that it seeks the identity of "every person" who received a litigation hold.

Subject to the foregoing objections, and in compliance with the Court's August 9, 2019 order, the United States responds that the following component entities of the Office of the Inspector General of the U.S. Department of Health and Human Services (HHS-OIG) and CMS, as well the identified non-party Medicare contractors, received litigation hold notices from HHS or CMS in connection with this action in or around the period between December 10 and December 20, 2018:

CMS Components:

- Center for Medicare
- Office of Communications
- Office of Financial Management
- Center for Program Integrity
- Center for Clinical Standards and Quality
- Consortium for Financial Management and Fee for Service Operations
- Chronic Care Policy Group (CM)
- Provider Billing Group (CM)
- Provider Communications Group (CM)
- Medicare Contractor Management Group (CM)
- Medicare Enrollment and Appeals Group (CM)
- Call Center Operations Group (OC)
- Financial Services Group (OFM)
- Provider Enrollment and Oversight Group (CPI)
- Data Analytics and Systems Group (CPI)
- Data Sharing and Partnership Group (CPI)
- Investigations and Audits Group (CPI)
- Provider Compliance Group (CPI)
- Contract Management Group (CPI)

17

- Coverage and Analysis Group (CCSQ)
- Consortium for Financial Management and Fee for Service Operations (CFMFFSO) for all the CMS regional offices

Medicare Contractors:

- Durable Medical Equipment (DME) Medicare Administrative Contractors (MACs)
  - Noridian Healthcare Solutions, LLC, Jurisdictions A & D
  - CGS Administrators, LLC, Jurisdictions B & C
  - National Government Services, Inc. (NGS), former DME MAC for Jurisdiction B
- DME Unified Program Integrity Contractors (UPICs)
  - Safeguard Services, LLP, UPIC for North East and South East
  - Qlarant, UPIC for West and South West
  - AdvanceMed, UPIC for Mid-West
- Qualified Independent Contractors (QIC)
  - C2C Innovative Solutions, Inc., Part A/B Appeals
  - Meximus Federal, DME Appeals
- Recovery Audit Contractor (RAC)
  - Performant Recovery LLC, Region 5
- Competitive Bidding Contractor
  - Palmetto GPA
- Comprehensive Error Rate Testing (CERT) Contractor
  - AdvanceMed
- Medicare Contractor for Pricing, Data Analysis and Coding of HCPCS Level II DMEPOS Codes (PDAC)
  - Palmetto GPA
- Medicare Drug Integrity Contractors (MDICs)
  - Investigations MDIC
  - National Benefit Integrity Medicare Drug Integrity Contractor (NBI MEDIC)

18

HHS-OIG:

- Office of Audit Services (OAS)
- Office of Counsel to IG (OCIG)
- Office of Evaluations and Inspections (OEI)
- Office of Investigations (OI)
- Office of Management and Policy (OMP)
- Immediate Office (IO)

Additionally, the following non-parties are preserving documents related to this action:

- U.S. General Accountability Office (GAO)
- Tennessee Bureau of Investigation (TBI)
- National Heritage Insurance Corporation (NHIC), former DME MAC for Jurisdiction A

**INTERROGATORY NO. 18:**

Describe, with particularity, Your record retention and deletion policies, including where and how long You maintain ESI and other records, what measures You take to retain or destroy ESI and other records, and where and how You maintain backup copies of ESI.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks a response "with particularity." The United States further objects to the definition of you to the extent that it includes any entity other than CMS, HHS-OIG, Noridian, CGS, or Palmetto.

Subject to the foregoing objections, the United States states:

CMS's record retention policies can be found here:

19

https://www.cms.gov/Regulations-and-Guidance/Guidance/CMSRecordsSchedule/

HHS-OIG's record retention policies can be found here:

OAS (Office of Audit Services):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0010_sf115.pdf

OCIG (Office of Counsel to the IG):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0011_sf115.pdf

OEI (Office of Evaluation and Inspections):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0012_sf115.pdf

OMP (Office of Management and Policy)

https://www.archives.gov/records-mgmt/grs.html

OI (Office of Investigations):

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0013_sf115.pdf

IO (Immediate Office)

https://www.archives.gov/records-mgmt/rcs/schedules/departments/department-of-health-and-human-services/rg-0468/daa-0468-2013-0008_sf115.pdf

Additionally, the United States will produce copies of the records retention policies for CGS, Palmetto, Noridian, and TBI. NGS does not have a written records retention policy. However, NGS's current practice is that it does not delete emails.

**INTERROGATORY NO. 19:**

For each agency or entity encompassed within the definition of You, identify the Person responsible for instituting a litigation hold or otherwise responsible for preserving ESI, data,

documents, or other information for that agency or entity.

**UNITED STATES' RESPONSE:**

The United States objects to this interrogatory because it seeks discovery that is not relevant to any party's claim or defense. The United States further objects to the definition of you to the extent that it includes any entity other than CMS, HHS-OIG, Noridian, CGS, NGS, or Palmetto.

Subject to the foregoing objections, the United States states that, with the assistance of the undersigned counsel, the following attorneys are overseeing the process for instituting litigation holds at their respective agencies or Medicare contractor:

CMS: Lisa Miller, Esq., Attorney, HHS, Office of the General Counsel, CMS Division

HHS-OIG: Lisa Veigel, Esq., Senior Counsel, HHS-OIG

CGS and Palmetto: Kendall Walker, Esq., Associate General Counsel

Noridian: Jerry Schimmelpfennig, Esq., Associate General Counsel

NGS: Robert Squier, Jr., Esq., Associate General Counsel

TBI: Jeanne Broadwell, General Counsel, and Philip Bangle, Assistant Attorney General.

Dated: August 23, 2019

JOSEPH H. HUNT
Assistant Attorney General


DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:      s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE, BPR 023133
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Tel: (615) 736-2125

Fax: (615) 401-6626
ellen.bowden2@usdoj.gov


By:     s/ Jake M. Shields

JAKE M. SHIELDS
U.S. Department of Justice
Civil Division, Fraud Section
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9401
Fax: (202) 514-0280
jake.m.shields@usdoj.gov

*Counsel for United States*